**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED

**DONALD WILLIAMS,**

   **Plaintiff,**

**vs.**

CASE NO.:

8:02-CV-0085-T-17MSS

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY, and**
**LANDAMERICA FINANCIAL GROUP, INC.,**

   **Defendant.**

_____/

## COMPLAINT

Plaintiff, DONALD WILLIAMS (hereinafter referred to as "WILLIAMS"), by and through undersigned counsel, hereby sues HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter referred to as "HARTFORD"), and LANDAMERICA FINANCIAL GROUP, INC., (hereinafter "LANDAMERICA") and alleges:

### GENERAL ALLEGATIONS

1.  This is an action for damages under the Employee Retirement Income Security Act of 1974 as amended (ERISA), 29 U.S.C. §1001 et seq., specifically 29 U.S.C. §1132(a)(1)(b).

2.  This Court has jurisdiction pursuant to 29 U.S.C. §1132 (e) and 28 U.S.C. §1331.

3.  Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

1


$150
T013718

4.    At all times material hereto, Plaintiff, WILLIAMS was covered under a long-term disability insurance plan sponsored by his employer, LANDAMERICA, through premiums paid to Defendant HARTFORD.  A copy of the Summary Plan Description for the Plan provided by Defendant HARTFORD is attached hereto as Exhibit "A".

5.    The PLAN is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

6.    At all times material hereto, Plaintiff, WILLIAMS, was an employee of QUALITY and was a "participant" in the PLANS as defined by ERISA, 29 U.S.C. §1002(7), and his premium required for coverage under the plan had been fully paid or otherwise satisfied.

7.    At all times material hereto, LANDAMERICA is and was the Plan Administrator for the PLAN under which WILLIAMS was covered.

8.    At all times material hereto, Defendant, HARTFORD, was the Claims Administrator, a claims fiduciary, and de facto agent of the PLAN and administered claims under delegated authority of LANDAMERICA.

9.    Defendant HARTFORD is a "plan fiduciary" within the meaning of 29 U.S.C. §1104.

10.    Defendant LANDAMERICA is a "plan fiduciary" within the meaning of 29 U.S.C. §1104.

11.    At all times material hereto, Defendant HARTFORD made the final decision to deny claims and bore the ultimate responsibility for paying said claims, creating an inherent conflict of interest

which has pitted the pecuniary interest of HARTFORD's management, directors, and shareholders against its fiduciary duty to Plaintiff WILLIAMS.

12. The LTD PLAN paid for long-term disability benefits as the term is defined in the LTD plan.

13. Plaintiff, WILLIAMS, was and is "disabled", as the term was defined in the LTD PLAN, at all times material hereto.

14. Plaintiff, WILLIAMS, has filed or caused to be filed, proofs of claim and performed all other conditions precedent to recovering said benefits under the plan for the loss or losses herein claimed, and has exhausted his administrative remedies prior to filing this action.

15. A copy of this Complaint has been filed contemporaneously with the Secretary of Labor and the Secretary of the Treasury.

### COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against HARTFORD

16. Plaintiff realleges and reavers paragraphs 1 through 15 of the Complaint, incorporating the same by reference as if specifically restated herein.

17. Defendant HARTFORD has failed and refused to pay Plaintiff, WILLIAMS, sums due pursuant to the terms of the LTD PLANS.

18. Plaintiff is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

3

WHEREFORE, Plaintiff, DONALD WILLIAMS, prays for relief from Defendant HARTFORD for benefits due WILLIAMS under the PLAN through specific performance of the contract between the parties, plus interest, costs, attorneys' fees, and such other equitable relief as the Court may deem appropriate.

### COUNT TWO
### Action to Clarify Right to Receive Plan Benefits
### Pursuant to 29 U.S.C. §1132(a)(1)(B) Against Defendant HARTFORD

19.   Plaintiff realleges and reavers paragraphs 1 through 15 of the Complaint, incorporating the same by reference as if specifically restated herein.

20.   Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to future benefits under the Plan.

21.   Defendant has denied that Plaintiff WILLIAMS is entitled to benefits under the LTD Plan.

22.   Plaintiff WILLIAMS is entitled to a declaration of his right to reinstatement under the LTD Plan.

23.   Plaintiff is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff, WILLIAMS, requests that this Honorable Court declare his right to reinstatement under the Plan pursuant to 29 U.S.C. §1132(a)(1)(B) and award his attorneys' fees and costs pursuant to 29 U.S.C. §1132(g), along with such other equitable relief as this court deems appropriate.

## COUNT THREE
**Action for Breach of Fiduciary Duty and Other Appropriate
Equitable Relief Pursuant to 29 U.S.C. §1132(a)(3)
Against HARTFORD**

24.   Plaintiff realleges and reavers paragraphs 1 through 15 of the Complaint, incorporating the same by reference as if specifically restated herein.

25.   Defendant HARTFORD has a fiduciary duty to Plaintiff, PROVIDENCE, which comprehends, inter alia, the duties of loyalty and honesty.

26.   Section 404(a)(1) of ERISA imposes on plan fiduciaries the obligation to discharge their duties in accordance with the documents and instruments governing the plan, as well as the applicable regulations promulgated by the Department of Labor.

27.   On October 29, 2001, Plaintiff requested that Defendant HARTFORD provide him with, inter alia, a copy of his claims file.

28.   Defendant HARTFORD, the claims administrator and a fiduciary under the terms of the plan, has deliberately disregarded the requirements of ERISA's "full and fair review" provisions, 29 U.S.C. §1133, and of the regulation promulgated by the Secretary of Labor which governs administration of claims, 29 C.F.R. §2560.503-1, by refusing to provide Plaintiff with a copy of his claims file, taking the indefensible positions that the requested disclosure was inappropriate because "[i]n accordance with the ERISA regulations we are only required to release file documents that are 'pertinent' to our claims decision" and "...it is our position that our claim

5

file contains proprietary information."

29. Defendant HARTFORD has abandoned its fiduciary role in in its dealings with Plaintiff WILLIAMS and violated its fiduciary duties of loyalty and honesty 1) by taking the arbitrary and capricious position that the entire claims file can be withheld as not "pertinent" to its claims decision; 2) by its arbitrary and capricious refusal to provide Plaintiff with the requested copy of his file upon request; 3) by its assertion of a proprietary interest in the records of its execution of its fiduciary obligations to the Plaintiff.

30. By engaging in the above-referenced acts and abandoning its fiduciary role in its dealings with Plaintiff WILLIAMS, Defendant HARTFORD has breached its duties of loyalty, honesty, and the obligation to discharge its duties in accordance with the documents and instruments governing the plan to Plaintiff WILLIAMS.

31. Plaintiff is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff, DONALD WILLIAMS, requests that this honorable Court grant appropriate equitable relief in the form of requiring Defendant to provide Plaintiff with the requested information, order such other equitable relief as this court deems appropriate, and award his attorneys' fees and costs against Defendant HARTFORD pursuant to 29 U.S.C. §1132(g).

## COUNT FOUR
### Action for Interference with Protected Plan Benefit Pursuant to 29 U.S.C. §1140 Against LANDAMERICA

32.   Plaintiff realleges and reavers paragraphs 1 through 15 of the Complaint, incorporating the same by reference as if specifically restated herein.

33.   LANDAMERICA discharged WILLIAMS for exercising a right to which he is entitled under the provisions of an employee benefit plan, as protected by the provisions of 29 U.S.C. Subchapter I.

34.   LANDAMERICA discriminated against WILLIAMS for exercising a right to which he is entitled under the provisions of an employee benefit plan, as protected by the provisions of 29 U.S.C. Subchapter I by, *inter alia*, submitting inaccurate information concerning his employment status to HARTFORD.

35.   LANDAMERICA discharged WILLIAMS with the purpose of interfering with the attainment of a right to which WILLIAMS is or may become entitled under an employee benefit plan as protected by the provisions of 29 U.S.C. Subchapter I.

36.   LANDAMERICA discriminated against WILLIAMS with the purpose of interfering with the attainment of a right to which WILLIAMS is or may become entitled under an employee benefit plan as protected by the provisions of 29 U.S.C. Subchapter I, by *inter alia*, submitting inaccurate information concerning his employement status to HARTFORD.

WHEREFORE, Plaintiff, DONALD WILLIAMS, requests that this honorable Court grant judgment in his favor on his action for

interference with protected plan benefit against LANDAMERICA, award such relief as this court deems appropriate, and award his attorneys' fees and costs against Defendant LANDAMERICA pursuant to 29 U.S.C. §1132(g).

**KIMSEY LAW GROUP**
3816 W. Linebaugh Ave. #204
Tampa, Florida 33624
(813) 265-9292
Attorneys for Plaintiff

By:

Paul S. Kimsey, Esquire
Florida Bar No. 0988472
William S. Coffman, Jr., Esquire
Florida Bar No. 0188158
Trial Counsel for the Plaintiff

EXHIBIT "A"

Group, Inc.

# GROUP LONG TERM DISABILITY INSURANCE

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| Certificate of Insurance | 2 |
| Schedule of Insurance | 3 |
| Definitions | 5 |
| Eligibility and Enrollment | 9 |
| When Coverage Starts | 10 |
| Changes in Coverage | 10 |
| Exclusions | 11 |
| Pre-existing Conditions Limitations | 12 |
| Termination | 13 |
| Disability Benefits | 15 |
| General Provisions | 20 |
| ERISA | 24 |

PS-M-90

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**
**Hartford, Connecticut**
**(Herein called The Hartford)**
-------------------------------------------------------------------

**CERTIFICATE OF INSURANCE**
**Under**
**The Group Insurance Policy**
**as of the Effective Date**
**Issued by**
**THE HARTFORD**
**to**
**The Policyholder**
-------------------------------------------------------------------

**This is to certify that The Hartford has issued and delivered the Group Insurance Policy to The Policyholder.**

**The Group Insurance Policy insures the employees of the Policyholder who:**
- **are eligible for the insurance;**
- **become insured; and**
- **continue to be insured;**

**according to the terms of the Policy.**

**The terms of the Group Insurance Policy which affect an employee's insurance are contained in the following pages.**

**This Certificate of Insurance and the following pages will become your Booklet-certificate. The Booklet-certificate is a part of the Group Insurance Policy.**

**This Booklet-certificate replaces any other which The Hartford may have issued to the Policyholder to give to you under the Group Insurance Policy specified herein.**

*Lynda Godkin*
Lynda Godkin, Secretary

*W. Smith*
Lowndes A. Smith, President

**Z-LTD(C001)**

## SCHEDULE OF INSURANCE

Final interpretation of all provisions and coverages will be
governed by the Group Insurance Policy on file with The Hartford
at its home office.

Policyholder:                        LandAmerica Financial Group,
                                     Inc.*

Group Insurance Policy:              GLT-208162

Plan Effective Date:                 January 1, 1998

This plan of Long Term Disability Insurance provides you with
income protection if you become disabled from a covered
accidental bodily injury, sickness or pregnancy.

~~You do not contribute towards the plan's cost.~~

~~Eligible Class~~(es):                 All Active Full-time
                                     Employees.

~~Full-time Employment~~:              Employees of Commonwealth
                                     Land Title Insurance
                                     Company - 20 hours
                                     weekly; All other
                                     Employees - 37.5 hours
                                     weekly.

Maximum Monthly Benefit:             ~~$10,000~~

The Minimum Monthly Benefit will be the greater of:

     ~~$100~~
     10~~% of the~~ Monthly benefit less Other Income Benefits.

Benefit Percentage:                  ~~60%~~

*Until February 27, 1998 the Policyholder's name was Lawyers
Title Insurance Company.

                                     BC-208162(GLT)

**The Eligibility Waiting Period** is the length of service during which you must be an Active Full-time Employee in a class eligible for insurance before you become eligible for coverage. It is as follows:

(1) If you are working for the Employer on the Plan Effective Date - You will have completed the Eligibility Waiting Period on your first day of service in an Eligible Class.

(2) If you start working for the Employer after the Plan Effective Date - You will have completed the Eligibility Waiting Period on the first day of the month following the date you enter an Eligible Class.

**The Elimination Period is** the period of time you must be Disabled before benefits become payable. It is the last to be satisfied of the following:

(1) the first consecutive month(s) of any one period of Disability; or

(2) with the exception of benefits required by state law, the expiration of any Employer sponsored short term disability benefits or salary continuation program.

## MAXIMUM DURATION OF BENEFITS TABLE

| Age When Disabled | Benefits Payable |
|---|---|
| Prior to Age 62 | To Age 65, or for 42 months, if greater |
| Age 62 | 42 months |
| Age 63 | 36 months |
| Age 64 | 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

The above table shows the maximum duration for which benefits may be paid. All other limitations of the plan will apply.

The Claims Evaluator reserves the right to determine if an employee's proof of loss is satisfactory.

**Who gets the Salary Continuation payments?**
All Salary Continuation payments are made to the employee. Any payments owed at an employee's death may be paid to his estate. If any payment is owed to an employee's estate, the Employer may pay up to $1,000 to any of the employee's relatives who is entitled to it in the opinion of the Employer. Any such payment shall fulfill the Program's responsibility for the amount paid.

**When are payment checks issued?**
Once it is determined that an employee's Disability qualifies him for Salary Continuation according to the terms and conditions of the Program, accrued Salary Continuation payments will be made in accordance with the Employer's regular payroll schedule.  If any Salary Continuation payments are due at the end of a claim, they will be made as soon as the written proof of loss is received.

**What notification will an employee receive if his claim is denied?**
If a claim for Salary Continuation is wholly or partly denied, the Employer will furnish the employee with written notification of the decision. This written decision will give the specific reason(s) for the denial.

**What recourse does an employee have if his claim for Salary Continuation is denied?**
On any claim which is wholly or partly denied, an employee or his representative may appeal to the Employer for a full and fair review.  The employee may:
    (1)   request a review upon written application within 60 days of the claim denial;
    (2)   review pertinent documents;
    (3)   submit issues and documents in writing; and
    (4)   provide written authorization for the Claims Evaluator to release any pertinent information required by the Employer for the purpose of making the final decision on the appeal.

The Claims Evaluator will:
    (1)   review the appeal and make any additional payment, if due according to the terms and conditions of the Plan; or

# DEFINITIONS

The terms listed will have these meanings.

████████████████ **You will be considered to be actively at work** with your Employer on a day which is one of your Employer's scheduled work days if you are performing, in the usual way, all of the regular duties of your job on a full time basis on that day. You will be deemed to be actively at work on a day which is not one of your Employer's scheduled work days only if you were actively at work on the preceding scheduled work day.

████████████████ **oyee means an employee who works for the Employer** on a regular basis in the usual course of the Employer's business. The employee must work the number of hours in the Employer's normal work week. This must be at least the number of hours indicated in the Schedule of Insurance.

████████████████ if used in this Booklet-certificate, means an occupation:

  (1)  for which you are qualified by education, training or experience; and
  (2)  that has an earnings potential greater than an amount equal to the product of your Indexed Pre-disability Earnings and the Benefit Percentage.

████████████████ means the monthly earnings you receive from any employer or for any work, while Disabled and eligible for Residual Disability benefits under this plan.

████████████████ means either Totally or Residually Disabled or Total or Residual Disability.

**Employer means the Policyholder.**

**Essential Duty means a duty that:**

  (1)  is substantial, not incidental;
  (2)  is fundamental or inherent to the occupation; and
  (3)  can not be reasonably omitted or changed.

To be at work for the number of hours in your regularly scheduled workweek is also an Essential Duty.

Indexed ~~Pre-disability Earn~~ings when used in this policy means your Pre-disability Earnings adjusted annually by adding the lesser of:

    (1)  10%; or

    (2)  the percentage change in the Consumer Price Index (CPI-W).

The adjustment is made ~~immediately~~ each year after you have been Disabled for 12 consecutive months, and if you are receiving benefits at the time the adjustment is made.

The term Consumer Price Index (CPI-W) means the index for Urban Wage Earners and Clerical Workers published by the United States Department of Labor.  It measures on a periodic (usually monthly) basis the change in the cost of typical urban wage earners' and clerical workers' purchase of certain goods and services.  If the index is discontinued or changed, we may use another nationally published index that is comparable to the CPI-W.

For the purposes of this benefit, the percentage change in the CPI-W means the difference between the current year's CPI-W as of July 31, and the prior year's CPI-W as of July 31, divided by the prior year's CPI-W.

~~Monthly Benefit~~ means a monthly sum payable to you while you are Disabled, subject to the terms of the Group Insurance Policy.

~~Monthly Rate of Basic Earn~~ings means your regular monthly pay, including commissions received from the Employer, but not:

    (1)  bonuses;

    (2)  overtime pay; or

    (3)  any fringe benefit or extra compensation.

If you are a commissioned sales person, your Monthly Rate of Basic Earnings will be the monthly average of any salary or wages and commissions received from the Employer. This monthly average will be based on your Statement of Wages Earned and Taxes Withheld (Form W-2) for the fiscal year ending immediately prior to the date you became Disabled.

If you become Disabled, your Monthly Rate of Basic Earnings will be the rate in effect on your last day as an Active Full-time Employee before becoming Disabled.

~~Other Income Benefits~~ mean the amount of any benefit for loss of income, provided to you or to your family, as a result of the period of Disability for which you are claiming benefits under this plan.  This includes any such benefits for which you or your family are eligible or that are paid to you, to your family, or to a third party on your behalf, pursuant to any:

    (1)   temporary or permanent disability benefits under a Workers' Compensation Law, occupational disease law, or similar law;

    (2)   governmental law or program that provides disability or unemployment benefits as a result of your job with the Employer;

    (3)   plan or arrangement of coverage, whether insured or not, as a result of employment by or association with the Employer or as a result of membership in or association with any group, association, union or other organization;

    (4)   individual insurance policy where the premium is wholly or partially paid by the Employer;

    (5)   "no-fault" automobile insurance plan, unless you are a resident of Virginia;

    (6)   disability benefits under the United States Social Security Act, the Canada Pension Plan, the Quebec Pension Plan, or similar plan or act that you, your spouse and children, are eligible to receive because of your Disability.

Other Income Benefits also mean any such payments that are made to you, your family, or to a third party on your behalf, pursuant to any:

    (1)   disability benefit under the Employer's Retirement Plan;

    (2)   retirement benefit from a Retirement Plan that is wholly or partially funded by employer contributions, unless:

        (a)   you were receiving it prior to becoming Disabled; or

        (b)   you immediately transfer the payment to another plan qualified by the United States Internal Revenue Service for the funding of a future retirement.

           Other Income Benefits will not include the portion, if any, of such retirement benefit that was funded by your after-tax contributions; or

    (3)   retirement benefits under the United States Social Security Act, the Canada Pension Plan, the Quebec Pension Plan, or similar plan or act that you, your spouse and children, receive because of your retirement, unless you were receiving them prior to becoming Disabled.

If you are paid Other Income Benefits in a lump sum, we will pro-rate the lump sum:

    (1)  over the period of time it would have been paid if not paid in a lump sum; or

    (2)  if such period of time cannot be determined, over a period of 60 months.

The Hartford may make a retroactive allocation of any retroactive Other Income Benefit payments.

The amount of any increase in benefits paid under any federal or state law will not be included as Other Income Benefits if such increase:

    (1)  takes effect after the date benefits become payable under this plan; and

    (2)  is a general increase which:

        (a)  is required by law; and

        (b)  applies to all persons who are entitled to such benefits.

Physician means a practitioner of a healing art, which we are required by law to recognize, who is properly licensed, and practicing within the scope of that license.

Pre-disability Earnings means your Monthly Rate of Basic Earnings in effect on the day before you became Disabled.

Regular Care of a Physician means appropriate care and attendance by a Physician other than yourself, your spouse, father, mother, brother, sister, son or daughter.

Residual Disability or Residually Disabled means you are prevented by:

    (1)  accidental bodily injury;

    (2)  sickness;

    (3)  mental illness;

    (4)  substance abuse; or

    (5)  pregnancy,

from performing some, but not all, the essential duties of your or any occupation, and as a result your Current Monthly Earnings are at least 20%, but no more than 80% of your Indexed Pre-disability Earnings.

**Retirement Plan** means a defined benefit or defined contribution plan that provides benefits for your retirement and which is not funded wholly by your contributions.  It does not include:
   (1)  a profit sharing plan;
   (2)  thrift, savings or stock ownership plans;
   (3)  a non-qualified deferred compensation plan; or
   (4)  an individual retirement account (IRA), a tax sheltered annuity (TSA), Keogh Plan, 401(k) plan or 403(b) plan.

**Total Disability or Totally Disabled means** that:
   (1)  during the Elimination Period; and
   (2)  for the next 24 months, you are prevented by:
        (a)  accidental bodily injury;
        (b)  sickness;
        (c)  mental illness;
        (d)  substance abuse; or
        (e)  pregnancy,

from performing the essential duties of your occupation, and as a result you are earning less than 20% of your Pre-disability Earnings, unless engaged in a program of Rehabilitative Employment approved by us.

After that, you must be so prevented from performing the essential duties of any occupation for which you are qualified by education, training, or experience.

Your failure to pass a physical examination required to maintain a license to perform the duties of your occupation does not alone mean that you are Totally Disabled.

**We/Us/Our** means the Hartford Life and Accident Insurance Company.

**Your (Own) Occupation**, if used in this Booklet-certificate, means your occupation as it is recognized in the general workplace. Your (own) occupation does not mean the specific job you are performing for a specific employer or at a specific location.

**You/Your/Insured Person** means the Insured Person to whom this Booklet-certificate is issued.

### ELIGIBILITY AND ENROLLMENT

**Who are Eligible Persons?**
All persons in the class or classes shown in the Schedule of Insurance will be considered Eligible Persons.

**When will you become eligible?**
You will become eligible for coverage on either:
    (1)   the Plan Effective Date, if you have completed the
          Eligibility Waiting Period; or if not
    (2)   the date on which you complete the Eligibility Waiting
          Period.

See the Schedule of Insurance for the Eligibility Waiting Period.

**How do you enroll?**
Eligible Persons will be enrolled automatically by the Employer.


### WHEN COVERAGE STARTS


**When does your coverage start?**
If you are not required to contribute toward the plan's cost,
your coverage will start on the date you become eligible.

### DEFERRED EFFECTIVE DATE


**When will coverage become effective if a disabling condition
causes you to be absent from work on the date it is to start?**
If you are absent from work due to:
    (1)   accidental bodily injury;
    (2)   sickness;
    (3)   pregnancy;
    (4)   mental illness; or
    (5)   substance abuse,

on the date your insurance or increase in coverage would
otherwise have become effective, your effective date will be
deferred.  Your insurance, or increase in coverage will not
become effective until you are Actively at Work for one full day.


### CHANGES IN COVERAGE


**Do coverage amounts change if there is a change in your class or
your rate of pay?**
Your coverage may increase or decrease on the date there is a
change in your class or Monthly Rate of Basic Earnings. However,
no increase in coverage will be effective unless on that date
you:
    (1)   are an Active Full-time Employee; and
    (2)   are not absent from work due to being Disabled.

If you were so absent from work, the effective date of such increase will be deferred until you are Actively at Work for one full day.

No change in your Rate of Basic Earnings will become effective until the date The Hartford receives notice of the change.

**What happens if the Employer changes the Plan?**
Any increase or decrease in coverage because of a change in the Schedule of Insurance will become effective on the date of the change, subject to the following limitations on an increase:
    (1)  the Deferred Effective Date provision; and
    (2)  Pre-existing Conditions Limitations.

## EXCLUSIONS

**What Disabilities are not covered?**
The plan does not cover, and no benefit shall be paid for any Disability:
    (1)  unless you are under the Regular Care of a Physician;
    (2)  that is caused or contributed to by war or act of war (declared or not);
    (3)  caused by your commission of or attempt to commit a felony, or to which a contributing cause was your being engaged in an illegal occupation; or
    (4)  caused or contributed to by an intentionally self-inflicted injury.

If you are receiving or are eligible for benefits for a Disability under a prior disability plan that:
    (1)  was sponsored by the Employer; and
    (2)  was terminated before the Effective Date of this plan,

no benefits will be payable for the Disability under this plan.

## PRE-EXISTING CONDITIONS LIMITATIONS

**Are there any other limitations on coverage?**
No benefit will be payable under the Plan for any Disability that
is due to, contributed to by, or results from a Pre-existing
Condition, unless such Disability begins:
  (1)  after the last day of 90 consecutive days while insured
       during which you receive no medical care for the
       Pre-existing Condition; or
  (2)  after the last day of 365 consecutive days during which
       you have been continuously insured under this Plan.


**Pre-existing Condition means:**
  (1)  any accidental bodily injury, sickness, mental illness,
       pregnancy, or episode of substance abuse; or
  (2)  any manifestations, symptoms, findings, or aggravations
       related to or resulting from such accidental bodily
       injury, sickness, mental illness, pregnancy, or
       substance abuse;

for which you received Medical Care during the 90 day period that
ends the day before:
  (1)  your effective date of coverage; or
  (2)  the effective date of a Change in Coverage.

**Medical Care is received when:**
  (1)  a Physician is consulted or medical advice is given; or
  (2)  treatment is recommended, prescribed by, or received
       from a Physician.

**Treatment includes but is not limited to:**
  (1)  Medical examinations, tests, attendance or observation;
  (2)  use of drugs, medicines, medical services, supplies or
       equipment.


**Is there continuity of coverage from a Prior Plan?**
If you become insured under the Group Insurance Policy on the
Plan Effective Date and were covered under the Prior Plan on the
day before the Plan Effective Date, the Pre-existing Conditions
Limitation will cease to apply on the first to occur of the
following dates:
  (1)  the Policy Effective Date, if your coverage for the
       Disability was not limited by a pre-existing condition
       restriction under the Prior Plan; or

    (2)   if your coverage was limited by a pre-existing condition
restriction under the Prior Plan, the date the
restriction would have ceased to apply had the Prior
Plan remained in force.

The amount of the Monthly Benefit payable for a Pre-existing
Condition in accordance with the previous paragraph will be the
lesser of:
    (1)   the Monthly Benefit which was paid by the Prior Plan; or
    (2)   the Monthly Benefit provided by this plan.

No payment shall be made after the earlier to occur of:
    (1)   the date payments would have ceased under the Prior
Plan; or
    (2)   the date payments cease under this plan.

If you received Monthly Benefits for Disability under the Prior
Plan, and:
    (1)   you returned to work as an Active Full-time employee
before the Effective Date of this plan;
    (2)   within 6 months of the return to work, you have a
recurrence of the same Disability under this plan; and
    (3)   there are no benefits available for the recurrence under
the Prior Plan,

the Elimination Period of this plan, which would otherwise apply
to the recurrence, will be waived if the recurrence would have
been covered without any further Elimination Period under the
Prior Plan had it remained in force.

Prior Plan means the long term disability insurance carried by
the Policyholder on the day before the Plan Effective Date.

## TERMINATION

**When does your coverage terminate?**
You will cease to be covered on the earliest to occur of the
following dates:
    (1)   the date the Group Insurance Policy terminates;
    (2)   the date the Group Insurance Policy no longer insures
your class;
    (3)   the date premium payment is due but not paid by the
Employer;
    (4)   the last day of the period for which you make any
required premium contribution, if you fail to make any
further required contribution;

(5) the date you cease to be an Active Full-time Employee in an eligible class including:
    (a) temporary layoff;
    (b) leave of absence, including but not limited to leave for military service; or
    (c) a general work stoppage (including a strike or lockout).

**May coverage be continued during a temporary lay-off or leave of absence?**
If you are temporarily laid off or granted a leave of absence, the Employer may continue your insurance for 2 month(s) following the month coverage would have terminated subject to the following:
    (1) the leave authorization is in writing or is documented as a leave for military purposes;
    (2) the required premium must be paid;
    (3) your benefit level, or the amount of earnings upon which your benefits may be based, will be that in effect on the day before said leave or layoff commenced;
    (4) such continuation will cease immediately if one of the following events should occur:
        (a) the leave terminates prior to the agreed upon date;
        (b) the lay-off becomes permanent;
        (c) the termination of the Group Insurance Policy;
        (d) non-payment of premium when due by the Policyholder or you; or
        (e) the Group Insurance Policy no longer insures your class.

**Does your coverage continue if your employment terminates because you are Disabled?**
If you are Disabled and you cease to be an Active Full-time Employee, your insurance will be continued:
    (1) during the Elimination Period while you remain Disabled by the same Disability; and
    (2) after the Elimination Period for as long as you are entitled to benefits under the Policy.

**Must premiums be paid during a Disability?**
No premium will be due for you:
    (1) after the Elimination Period; and
    (2) for as long as benefits are payable.

**Do benefits continue if the plan terminates?**
If you are entitled to benefits while Disabled and the Group
Insurance Policy terminates, benefits:
    (1)  will continue as long as you remain Disabled by the same
         Disability; but
    (2)  will not be provided beyond the date we would have
         ceased to pay benefits had the insurance remained in
         force.

**Termination** for any reason of the Group Insurance Policy will
have no effect on The Hartford's liability under this provision.

**May coverage be continued during a family or medical leave?**
If you are granted a leave of absence according to the Family and
Medical Leave Act of 1993, your Employer may continue your
insurance for up to 12 weeks, or longer if required by state law,
following the date your coverage would have terminated, subject
to the following:
    (1)  the leave authorization must be in writing;
    (2)  the required premium for you must be paid;
    (3)  your benefit level, or the amount of earnings upon which
         your benefit may be based, will be that in effect on the
         day before said leave commenced; and
    (4)  such continuation will cease immediately if one of the
         following events should occur:
         (a)  the leave terminates prior to the agreed upon date;
         (b)  the termination of the Group Insurance Policy;
         (c)  non-payment of premium when due by the Policyholder
              or you; or
         (d)  the Group Insurance Policy no longer insures your
              class.

DISABILITY BENEFITS

**When do benefits become payable?**
You will be paid a monthly benefit if:
    (1)  you become Disabled while insured under this plan;
    (2)  you are Disabled throughout the Elimination Period;
    (3)  you remain Disabled beyond the Elimination Period;
    (4)  you are, and have been during the Elimination Period,
         under the Regular Care of a Physician; and
    (5)  you submit proof of loss satisfactory to The Hartford.

Benefits accrue as of the first day after the Elimination Period
and are paid monthly.

**When will benefit payments cease?**
We will cease benefit payment on the first to occur of:
- (1)   the date you are no longer Disabled;
- (2)   the date you fail to furnish proof, when requested by us, that you continue to be Disabled;
- (3)   the date you are no longer under the Regular Care of a Physician, or refuse to be examined by a Physician, if we require such an examination;
- (4)   the date you die;
- (5)   the date determined from the Maximum Duration of Benefits Table shown in the Schedule of Insurance; or
- (6)   the date your Current Monthly Earnings exceed 80% of your Indexed Pre-disability Earnings.

### MENTAL ILLNESS AND SUBSTANCE ABUSE BENEFITS

**Are benefits limited for Mental Illness or substance abuse?**
If you are Disabled because of:
- (1)   Mental Illness that results from any cause;
- (2)   any condition that may result from Mental Illness;
- (3)   alcoholism; or
- (4)   the non-medical use of narcotics, sedatives, stimulants, hallucinogens, or any other such substance,

then, subject to all other Policy provisions, benefits will be payable:
- (1)   only for so long as you are confined in a hospital or other place licensed to provide medical care for the disabling condition; or
- (2)   when you are not so confined, a total of 24 months for all such Disabilities during your lifetime.

**Mental Illness** means any psychological, behavioral or emotional disorder or ailment of the mind, including physical manifestations of psychological, behavioral or emotional disorders, but excluding demonstrable, structural brain damage.

## RECURRENT DISABILITY

**What happens if you return to work but become Disabled again?**
Attempts to return to work as an Active Full-time Employee during
the Elimination Period will not interrupt the Elimination Period,
subject to the following limitations:
- (1)  for an Elimination Period of 180 or more days, up to 30
  such return-days are allowed;
- (2)  for an Elimination Period of less than 180 days, up to 5
  such return-days are allowed for each 30 days of
  Elimination Period.

**Any day you were Actively at Work will not count towards the
Elimination Period.**

**After the Elimination Period, when a return to work as an Active
Full-time Employee is followed by a recurrent Disability, and
such Disability is:**
- (1)  due to the same cause; or
- (2)  due to a related cause; and
- (3)  within 6 month(s) of the return to work,

the Period of Disability prior to your return to work and the
recurrent Disability will be considered one Period of Disability,
provided the Group Insurance Policy remains in force.

If you return to work as an Active Full-time Employee for 6
month(s) or more, any recurrence of a Disability will be treated
as a new Disability.  A new Disability is subject to a new
Elimination Period and a new Maximum Duration of Benefits.

The term "Period of Disability" as used in this provision means a
continuous length of time during which you are Disabled under
this plan.

The Elimination Period and Maximum Duration of Benefits Table are
in the Schedule of Insurance.

## CALCULATION OF MONTHLY BENEFIT

**How are benefits calculated for Total Disability?**
If you are Disabled after the Elimination Period, your Monthly
Benefits will be calculated as follows:

    (1)   Multiply your Monthly Rate of Basic Earnings by the
         Benefit Percentage shown in the Schedule of Insurance;

    (2)   Identify the Maximum Benefit shown in the Schedule of
         Insurance;

    (3)   Compare the amounts determined in items (1) and (2)
         above and from the lesser amount subtract all Other
         Income Benefits.

The result is your Monthly Benefit.  Your Monthly Benefit,
however, will not be less than the Minimum Monthly Benefit shown
in the Schedule of Insurance.

**How is the benefit calculated for a period of less than a month?**
If a Monthly Benefit is payable for less than a month, The
Hartford will pay 1/30 of the Monthly Benefit for each day you
were Disabled.

## RESIDUAL DISABILITY BENEFIT

**How are benefits calculated for Residual Disability?**
If you are able to perform some but not all the essential duties
of your or any occupation, and are Residually Disabled, the
following calculation is used to determine your Monthly Benefit:

$$\text{Monthly Benefit} = ((A - B) / A) \times C$$

### Where

A = Your Indexed Pre-disability Earnings.
B = Your Current Monthly Earnings.
C = The Monthly Benefit payable if you were Totally Disabled.

Your Monthly Benefit, however, will not be less than the Minimum
Monthly Benefit shown in the Schedule of Insurance.

If you are participating in a program of Rehabilitative
Employment approved by us, your Monthly Benefit will be
determined by the Rehabilitative Employment Benefit.

## VOCATIONAL REHABILITATION/
## REHABILITATIVE EMPLOYMENT

**What Vocational Rehabilitative services are available?**
**Vocational Rehabilitation** means employment or services that
prepare you, if Disabled, to resume gainful work.  If you are
Disabled, our Vocational Rehabilitative Services may help prepare
you to resume gainful work.

**Our Vocational Rehabilitative Services** include, when appropriate,
**any** necessary and feasible:
    **(1)**  vocational testing;
    **(2)**  vocational training;
    **(3)**  work-place modification, to the extent not otherwise
          provided;
    **(4)**  prosthesis; or
    **(5)**  job placement.

**Rehabilitative Employment** means employment that is part of a
program of Vocational Rehabilitation.  Any program of
Rehabilitative Employment must be approved, in writing, by us.

**Do earnings from Rehabilitative Employment affect the Monthly**
**Benefit?**
If you are Disabled and are engaged in an approved program of
Rehabilitative Employment, your Monthly Benefit will be:
    **(1)**  the amount calculated for Total Disability; but
    **(2)**  reduced by 50% of the income received from each month of
          such Rehabilitative Employment.

**The** sum of the resulting net Monthly Benefit and your total
income received under Rehabilitative Employment may not exceed
100% of your Indexed Pre-disability Earnings.  If it does, the
Monthly Benefit will be reduced by the amount of excess.

### SURVIVOR INCOME BENEFIT

**Will your survivors receive a benefit if you should die while**
**receiving Disability Benefits?**
If you die while receiving benefits under this plan, a Survivor
Benefit will be payable to:
    **(1)**  your surviving Spouse; or
    **(2)**  your surviving Child(ren), in equal shares, if there is
          no surviving Spouse; or
    **(3)**  your estate, if there is no surviving Spouse or Child.

If a minor Child is entitled to benefits, we may, at our option, make benefit payments to the person caring for and supporting the Child until a legal guardian is appointed.

The Benefit is one payment of an amount that is 3 times the lesser of:
    (1)  your Monthly Rate of Basic Earnings multiplied by the Benefit Percentage; or
    (2)  the Maximum Monthly Benefit shown in the Schedule of Insurance.

The following terms apply to this Benefit:
    (1)  "Spouse" means your wife or husband who:
        (a)  is mentally competent; and
        (b)  was not legally separated from you at the time of your death.
    (2)  "Child" means your son or daughter under age 25 who is dependent on you for financial support.

## GENERAL PROVISIONS

**What happens if facts are misstated?**
If material facts about you were not stated accurately:
    (1)  your premium may be adjusted; and
    (2)  the true-facts will be used to determine if, and for what amount, coverage should have been in force.

No statement made by you relating to your insurability will be used to contest the insurance for which the statement was made after the insurance has been in force for two years during your lifetime. In order to be used, the statement must be in writing and signed by you.

**When should we be notified of a claim?**
You must give The Hartford written notice of a claim within 30 days after Disability starts. If notice cannot be given within that time, it must be given as soon as possible. Such notice must include your name, your address and the Group Insurance Policy number.

**Are special forms required to file a claim?**
When The Hartford receives a Notice of Claim, you will be sent forms for providing us with Proof of Loss.  We will send these forms within 15 days after receiving a Notice of Claim. If we do not send the forms within 15 days, you may submit any other written proof which fully describes the nature and extent of your claim.

**When must proof of a Disability be given?**
Written proof of loss must be sent to The Hartford within 90 days after the start of the period for which The Hartford owes payment. After that, we may require further written proof that you are still Disabled. If proof is not given by the time it is due, it will not affect the claim if:

    (1)   it was not possible to give proof within the required time; and

    (2)   proof is given as soon as possible; but

    (3)   not later than 1 year after it is due, unless you are not legally competent.

The Hartford has the right to require, as part of the proof of loss:

    (1)   your signed statement identifying all Other Income Benefits; and

    (2)   proof satisfactory to The Hartford that you and your dependents have duly applied for all Other Income Benefits which are available.

After submitting proof of loss, you will be required to apply for Social Security disability benefits.  If the Social Security Administration denies your eligibility for any such benefits, you will be required to follow the process established by the Social Security Administration to reconsider the denial and, if denied again, to request a hearing before an Administrative Law Judge of the Office of Hearing and Appeals.

The Hartford reserves the right to determine if your proof of loss is satisfactory.

You will not be required to claim any retirement benefits which you may only get on a reduced basis.

**What additional proof of Disability is The Hartford entitled to?**
The Hartford may have you examined to determine if you are Disabled. Any such examination will be:

    (1)   at The Hartford's expense; and

    (2)   as reasonably required by The Hartford.

**Who gets the benefit payments?**
All payments are payable to you. Any payments owed at your death may be paid to your estate. If any payment is owed to your estate, a person who is a minor or a person who is not legally competent, then The Hartford may pay up to $1,000 to any of your relatives who is entitled to it in the opinion of The Hartford. Any such payment shall fulfill The Hartford's responsibility for the amount paid.

**When are payment checks issued?**
If written Proof of Loss is furnished, accrued benefits will be
paid at the end of each month that you are Disabled. If payment
for a part of a month is due at the end of the claim, it will be
paid as soon as written Proof of Loss is received.

**What notification will you receive if your claim is denied?**
If a claim for benefits is wholly or partly denied, you will be
furnished with written notification of the decision. This written
decision will:
    (1)  give the specific reason(s) for the denial;
    (2)  make specific reference to the Policy provisions on
         which the denial is based;
    (3)  provide a description of any additional information
         necessary to prepare a claim and an explanation of why
         it is necessary; and
    (4)  provide an explanation of the review procedure.

**What recourse do you have if your claim is denied?**
On any denied claim, you or your representative may appeal to The
Hartford for a full and fair review. You may:
    (1)  request a review upon written application within 60 days
         of the claim denial;
    (2)  review pertinent documents; and
    (3)  submit issues and documents in writing.

A decision will be made by The Hartford no more than 60 days
after the receipt of the request, except in special circumstances
(such as the need to hold a hearing), but in no case more than
120 days after the request for review is received. The written
decision will include specific references to the Policy
provisions on which the decision is based.

**When can legal action be started?**
Legal action cannot be taken against The Hartford:
    (1)  sooner than 60 days after due Proof of Loss has been
         furnished; or
    (2)  3 years after the time written Proof of Loss is required
         to be furnished according to the terms of the Policy (5
         years in Kansas; 6 years in South Carolina).

**What happens if benefits are overpaid?**
We have the right to recover from you any amount that is
determined to be an overpayment of benefits under this plan.
Repayment to us must be made within 60 days of your receipt of
our notice of the amount of the overpayment.  If you do not repay
the overpayment within the 60 day period, we may, without
forfeiting our right to collect an overpayment through any means
legally available to us, recover all or any portion of the
overpayment by reducing or withholding future benefit payments,
including, if applicable, the Minimum Monthly Benefit.

**How do we deal with fraud?**
Any person who, with intent to defraud or knowing that he or she
is facilitating a fraud against an insurer, submits an
application or files a claim containing a false or deceptive
statement, may have violated state law.  We will use all means
available to us to detect, investigate, deter and prosecute those
who commit fraud.  We will pursue all available legal remedies if
you and/or your Employer perpetrates fraud.

ERISA

The Following Important Notice
is Provided by Your Employer
for your Information Only.

**Conforming Instrument**

For the purpose of meeting certain requirements of the Employee
Retirement Income Security Act of 1974, the following information
and the attached Claim Procedures and Statement of ERISA Rights
are provided for use with your booklet-certificate to form the
Summary Plan Description.

The benefits described in your booklet are provided under a group
policy by the Insurance Company and are subject to the terms and
conditions of that policy.

A copy of this policy is available for your review during normal
working hours in the office of the Plan Administrator.

------------------------------------------------------------

1.  **Plan Name**

    Employee Benefit Plan providing Group Long Term Disability
    Benefits to employees of LandAmerica Financial Group, Inc.

------------------------------------------------------------

2.  **Plan Number**

    501

------------------------------------------------------------

3.  **Employer/Plan Sponsor**

    LandAmerica Financial Group, Inc.
    6630 W. Broad Street
    P O Box 27567
    Richmond, VA  23230

---

**4.  Employer Identification Number**

    54-0278740

---

**5.  Type of Plan**

    Welfare Benefit Plan providing Group Long Term Disability
    Benefits.

---

**6.  Plan Administrator**

    Same as Employer/Plan Sponsor in Item 3.

---

**7.  Agent for Service of Legal Process**

For the Plan:

LandAmerica Financial Group, Inc.
6630 W. Broad Street
P O Box 27567
Richmond, VA  23230


For the Policy:

Hartford Life and Accident Insurance Company
200 Hopmeadow Street
Simsbury, CT 06089

    In addition to the above, Service of Legal Process may be
made on a plan trustee or the plan administrator.

---

**8.  Sources of Contributions** -- The Employer pays the premium for
the insurance, but may allocate part of the cost to the
employee.  The Employer determines the portion of the cost to
be paid by the employee.

---

9.  **Type of Administration** -- The plan is administered by the Plan Administrator with benefits provided in accordance with the provisions of the applicable group policy.

---

10. **The Plan** and its records are kept on a Policy Year basis.

---

11. **Labor Organizations**

    None

---

12. **Names and Addresses of Trustees**

    None

---

13. **Plan Amendment Procedure**
    The Plan Administrator reserves full authority, at its sole discretion, to terminate, suspend, withdraw, reduce, amend or modify the Plan, in whole or in part, at any time, without prior notice.

    LandAmerica Financial Group, Inc. also reserves the right to adjust your share of the cost to continue coverage by the same procedures.

---

**Statement of ERISA Rights**

You are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:
   (1)  Examine, without charge, at the plan administrator's office and at other locations (work-sites and union halls), all plan documents, including insurance contracts, collective bargaining agreements and copies of all documents filed by the plan with the U.S. Department of Labor, such as annual reports and plan descriptions.

(2)  Obtain copies of all plan documents and other plan information upon written request to the plan administrator.  The administrator may make a reasonable charge for the copies.

(3)  Receive a summary of the plan's annual financial report.  The plan administrator is required by law to furnish each participant with a copy of this summary financial report.

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan.  The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries.  No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

If your claim for a welfare benefit is denied in whole or in part you must receive a written explanation of the reason for the denial.  You have the right to have the plan reviewed and reconsider your claim.  Under ERISA, there are steps you can take to enforce the above rights.  For instance, if you request materials from the plan and do not receive them within 30 days, you may file suit in a federal court.  In such a case, the court may require the plan administrator to provide the materials and pay you up to $100 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator.

If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court.  If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court.  The court will decide who should pay court costs and legal fees.  If you are successful the court may order the person you have sued to pay these costs and fees.  If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

If you have any questions about your plan, you should contact the plan administrator.  If you have any questions about this statement or about your rights under ERISA, you should contact the nearest Area Office of the U.S. Labor Management Services Administration, Department of Labor.

**Claim Procedures**
1.  Claims for Benefits -- An employee wishing to present a claim
    for benefits for himself or his insured dependents should
    obtain a claim form or forms from his Employer or
    Administrator.   The applicable section of such form or forms
    should be completed by (1) Employee, (2) Employer or
    Administrator and (3) Attending Physician or Hospital.

    Following completion, the claim form or forms should be
    forwarded to the individual authorized to process and pay
    claims (Administrator or Insurance Company's Claim
    Representative).   The individual authorized to process and
    pay the claims will compute benefits due, and will issue
    draft(s) in settlement.   Unless the employee assigns benefits
    to a doctor or to a hospital, draft(s) will be made payable
    to the employee.

    A decision will be made by the Insurance Company no more than
    90 days after receipt of due proof of loss, except in special
    circumstances (such as the need to obtain further
    information), but in no case more than 180 days after the due
    proof of loss is received.   The written decision will include
    specific reasons for the decision and specific references to
    the plan provisions on which the decision is based.
2.  Appealing Denial of Claims -- If a claim for benefits is
    wholly or partially denied, notice of the decision shall be
    furnished to the employee.   This written decision will:
    (a)  give the specific reason or reasons for denial;
    (b)  make specific reference to policy provisions on which
         the denial is based;
    (c)  provide a description of any additional information
         necessary to prepare the claim and an explanation of why
         it is necessary; and
    (d)  provide an explanation of the review procedure.

    On any denied claim an employee or his representative may
    appeal to the Insurance Company for a full and fair review.
    The claimant may:
    (a)  request a review upon written application within 60 days
         of receipt of claim denial;
    (b)  review pertinent documents; and
    (c)  submit issues and comments in writing.

    A decision will be made by the Insurance Company no more than
    60 days after receipt of the request for review, except in
    special circumstances (such as the need to hold a hearing),
    but in no case more than 120 days after the request for
    review is received.   The written decision will include
    specific reasons for the decision and specific references to

the plan provisions on which the decision is based.